IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RALPH K. TUCKER,
MILAGROS PEREZ TUCKER, and
their conjugal partnership,

        Plaintiffs,

        v.

MANHEIM AUTO AUCTION;
COX ENTERPRISES, INC., et al.,

        Defendants.

CIVIL NO. 98-1314 (JAG)

## REPORT AND RECOMMENDATION

Plaintiffs have filed this claim under the Age Discrimination in Employment Act, 29 U.S.C. §§621, *et seq.*, and Puerto Rico 's Act 100 of June 30, 1959, as amended, 29 L.P.R.A. §146, alleging he was dismissed from employment because of his age. Defendants' motion for Summary Judgment and Plaintiffs' Opposition and the Reply were referred by the court to this Magistrate (D.E. # 22, 24, 31, 43).

Plaintiff Ralph K. Tucker moved to Puerto Rico in 1996 with his wife, also plaintiff in this case, Milagros Pérez Tucker. He engaged in endeavors to open a wholesale auto auction. In conversations with Ford Motor Company in 1996, he was informed of their prior relationship and commitment with Manheim Auctions, Inc., for previously leased Ford vehicles. He was hired, being age sixty (60), as Sales and Marketing Manager by Manheim's Caribbean Auto Dealers Exchange, Inc. (MCADE), a Delaware corporation created on 1989, that was registered within the Commonwealth of Puerto Rico in 1997, to operate auto auctions.



AO 72
(Rev 8/82)



Report and Recommendation
Ralph K. Tucker v. Manheim Auto Auction
Civil No. 98-1314(JAG)
Page 2

## Defendants' request for dismissal

Defendants Manheim Auto Auction (MAA) and Cox Enterprises, Inc., (Cox) have raised lack of personal jurisdiction defense for there being no minimum contacts with Puerto Rico.[1]  Cox Enterprises, Inc, is the parent corporation of Manheim Auctions, Inc..  Manheim is the second tier parent corporation of MAA.  Plaintiff Tucker's payment checks and withholdings were made by defendant Cox Enterprises, Inc., that also showed it to be the Social Security employer.

Mr. Bill Tiedemann, Vice President of Special Operations for Manheim Auctions, Inc., was directly involved in Puerto Rico with the establishment of MCADE, with the offer of employment to plaintiff Ralph Tucker and with the dismissal and/or termination of plaintiff's employment. Mr. Tiedemann visited Puerto Rico since the summer of 1996 and met with various representatives related to the auto auction to be established, with plaintiff Tucker and engaged in inspection of real estate in Puerto Rico for the auto auction.

Plaintiff Tucker accepted the offer of employment tendered by Mr. Tiedemann in October of 1996, [2] to obtain commitments from car dealers in Puerto Rico to be consigned for the wholesale auto auctions.  Plaintiff was then sixty years old at the time and spoke no Spanish.  No written employment contract was signed.

MCADE  opened its auction business on a plot of land it had leased for a six month period. The first auto auction was conducted on March 20, 1997.  Mr. Jeff Groppuso, an individual in his

---

[1] MAA is a  corporation for auto auction in Manheim, Pennsylvania, and a division of Cox Enterprises, Inc., as its parent company, which is a Georgia corporation.

[2] Mr. Tucker was referred by the Ford Motor Company to contact Manheim Auctions, Inc., when he visted Mr. Dave Purdue to inquire as to Ford's interest in consigning its lease vehicles for auction.

Report and Recommendation
Ralph K. Tucker v. Manheim Auto Auction
Civil No. 98-1314(JAG)
Page 3

early forties, was appointed Auction Manager for MCADE in Puerto Rico.[3] Mr. Groppuso had prior experience in the auto auction business and was fluent in Spanish.

The defendants' request for dismissal for lack of personal jurisdiction falls short in attempting to show lack of adequate contacts either under a general or specific theory of personal jurisdiction. The acts of defendant Vice President Bill Tiedemann and his physical presence in Puerto Rico to retain plaintiff's services as an employee, the engage in deals herein in relation to the auto auction, in addition to the origin of payment for services received by plaintiff show adequate contacts of defendants within the Commonwealth of Puerto Rico.  There is a demonstrable nexus between plaintiff's claims and the defendants' forum based activities.  Phillips Exeter Acad. v. Howard Phillips Fund, Inc.  196 F.3d 284, 288 (1st Cir. 1999).

As such, the petition for dismissal as raised by defendants SHOULD BE DENIED.

**Defendants' Motion for Summary Judgment**

Plaintiff's opposition to defendants' motion for summary judgment was untimely filed and has required from the court to ferret uncontested issues of material fact .  Still, considering all the grounds raised by both parties, this Magistrate is of the opinion that summary judgment is appropriate in this case since plaintiff has not met his burden of persuasion for a claim of age discrimination.  Rule 56(c) of the Fed.R.Civ.P.[4]

---

[3] There is no evidence to sustain plaintiff's expectation that he was to be given a position as General Manager, equivalent to Auction Manager.

[4] Summary judgment is appropriate where, after drawing all reasonable inferences in favor of the non-moving party, there is no genuine issue of material fact for trial.  Anderson v. Liberty Lobby, Inc, 477 U.S. 242, 249 (1986); Lipsett v. University of Puerto Rico, 864 F.2d 881, 894 (1st Cir. 1988).

AO 72
(Rev 8/82)

Report and Recommendation
Ralph K. Tucker v. Manheim Auto Auction
Civil No. 98-1314(JAG)
Page 4

Plaintiff has shown the *prima facie* elements for the age discrimination claim and defendants have come forward with legitimate nondiscriminatory reasons for the employment decision to terminate plaintiff. It will then be proper to follow the McDonnell Douglas framework.[5] The plaintiff proves a *prima facie* case by showing he was a member of the protected case, that is, he was over forty (40) years, in this case, sixty at the time of his dismissal; he met the employer's legitimate job performance expectation, that is, that he was qualified for the position; that he was discharged or suffered an adverse employment action and finally that others or another similarly situated employee not members of the protected class, that is a younger person with roughly equivalent job qualifications, were treated more favorably. Plaintiff has claimed that Mr. Jeff Groppuso, who was in his forties, was appointed to the position instead of him. Domínguez-Cruz v. Suttle Caribe, Inc,., 202 F.3d 424 (1st Cir. 2000).

Plaintiff Tucker initially engaged in endeavors to open a wholesale auto auction in Puerto Rico when he moved here with his wife in 1996.[6] When he contacted Ford Motor Company to assess their interest he was referred to Manheim Auctions, Inc., which had a pre-existing relationship, and was contacted by Mr. William Tiedemann, the Vice President of Special Operations. No joint venture interest ensued but an employment offer was proposed of $65,000 yearly, and reimbursement for car gas and travel expenses. Mr. Tucker was at the time sixty years old and accepted employment in October 1996, after Mr. Tiedemann had visited Puerto Rico on

---

[5] McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817 (1973).

[6] Mr. Tucker had envisioned to obtain a 40 acres real estate property with four auction lanes, or at least two when he started. Tucker's dep. p. 112.

Report and Recommendation
Ralph K. Tucker v. Manheim Auto Auction
Civil No. 98-1314(JAG)
Page 5

occasions and have accompanied Mr. Tucker to some business endeavors.  At the time of his dismissal, some six months thereafter, he was also sixty years of age.

No written agreement or direct evidence of the extent of the employment offer was presented by either parties, nor is available, except that plaintiff attempted to  obtain a written contract under his set of conditions sometime after he had already initiated his employment[7] and sought to have a retroactive application of those terms to obtain the benefits of a health and/or medical insurance plan cover.  Still, issues raised on whether the employment that was offered was for a five (5) year period or for a trial period of six months pending the success of the auctions process to be organized, are not considered material for the resolution of the summary judgment and are more properly addressed to estimate damages, if any.

Plaintiff Tucker's employment with MCADE was to obtain commitments from car dealers in Puerto Rico for the consignment of used vehicles for a wholesale auto auction.[8]  However, vehicles sold at the auctions were primarily Ford, which had a prior commitment with Manheim prior to any relations with Mr. Ralph Tucker.  The evidence as to ten other vehicles obtained by Mr. Tucker towards the auction shows that for lack of vehicles registration documents, none of these vehicles could be auctioned.  He set up a golf tournament; visit dealers to inform about the auction scheduling, mostly personally, including those in San Juan, Ponce, and other towns within the island.

---

[7] After Mr. Jeff Groppuso was appointed Auction Manager and plaintiff Tucker had doubts that he could be terminated, plaintiff met at the Banco Popular parking lot with Mr. Tiedmann to visit Attorney Geoffrey Woods across the street and sought to have a written employment agreement.  It was then that the alleged one and only verbal comments as to plaintiff's age ensued.  Mr. Tiedmann was not aware that he was on his way to visit an attorney.  Tucker's dep. pp. 164-166.

[8] Mr. Tucker also indicated that no one ever told him he would be the General Manager, he assumed that he would be granted the position.  Dep. pp. 103, 135, 149-150.

Report and Recommendation
Ralph K. Tucker v. Manheim Auto Auction
Civil No. 98-1314(JAG)
Page 6

The deposition testimonies and sworn statements submitted also referred to: plaintiff's limited experience in the auto auction business in light of Mr. Groppuso's knowledge and experience, including previously with Manheim related auctions; Mr. Tucker's deposition pp. 90-91, 102; plaintiff lack of command of the Spanish language, the language to be used in the auctions; Mr. Tucker's deposition pp. 98-99, 144; Mr. Tiedmann's sworn statement;    Mr. Tiedmann's disagreement with making unannounced visits without a prior appointment' Tucker's dep. p. 144, 147. The request that plaintiff submits mileage reimbursement reports and not preparing same or using the same mileage week after week; Tucker's dep. pp. 155-158; Groppuso's declaration at 12; the request to keep track of the dealers that were called or visited by filling a form provided and none was ever submitted; Tucker's dep. p. 159;  difficulties in the relations with the immediate supervisor Mr. Groppuso; Tucker's dep. pp. 161-162; Tiedmann's declaration at 18; Groppuso's declaration at 12-13; the limited attendance of Ford dealers contacted for the tournament and lack of consignment of vehicles attained that was to be arranged by plaintiff Tucker; Tiedmann's declaration at 22-23; Groppuso's declaration at 17-18.

If the defendant articulates a legitimate, nondiscriminatory reason for the work decision, thus carrying the burden of production, plaintiff must then prove that the reasons provided by the employer were mere pretext for discrimination.  Thus, it is up to plaintiff, unassisted by the original presumption, to show that the employer's stated reasons "was but a pretext for age discrimination". Ramos v. Davis & Geck, Inc., 167 F.3d 727, 734 (1st Cir. 1999).  Plaintiff has not presented any circumstantial or otherwise evidence that defendants' explanation for the employment action was unworthy of credence nor that the justifications were false so as to allow a trier of fact to conclude unlawful discrimination.  The standard for summary judgment mirrors the standard for judgment as

Report and Recommendation
Ralph K. Tucker v. Manheim Auto Auction
Civil No. 98-1314(JAG)
Page 7

a matter of law. Anderson v. Liberty Lobby 477 U.S. at 250-251; Celotext Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986).

There is no direct evidence of age discrimination, except for plaintiff's allegation of a brief conversation with Mr. Tiedemann some two months prior to his employment termination at a parking lot when plaintiff caused him to meet with his attorney seeking to obtain a written five-year employment contract. Tucker's deposition, p. 164, lines 15-21.[9]  Still, evidence of bias comments may support an inference of pretext.  This Magistrate shall review the proposed comments by Mr. Tiedemann as true since evidence herein is to be considered in the light most favorable to non-movant.

The concept of stray remarks is applicable herein in that although above cited is considered suggestive by plaintiff, it has been held insufficient to prove discrimination absent any other more meaningful evidence.  See  Williams v. Raytheon Co., 220 F.3d 16, 18 (1st Cir. 2000); Shorette v. Rite Aid of Maine, Inc., 155 F.3d 8, 13 (1st Cir. 1998).  See also Baralt v. Nationwide Mutual Insurance Co., 251 F.3d 10 (1st Cir. 2001).  Isolated and ambiguous remarks, tending to suggest animus based on age, are insufficient standing alone to prove an employer's discriminatory intent. Speen v. Crown Clothing Corp., 102 F.3d 625 (1st Cir. 1997).

An employee's failure to prove that former employer's articulated, nondiscriminatory basis for the discharge decision was pretextual mandated summary judgment on the discrimination claims. Conto v. Concord Hospital, Inc., 265 F.3d 79 (1st Cir. 2001).  Plaintiff bears the ultimate burden of

---

[9]    "Ralph, you're sixty (60) years old.  Why would you want to go out and work 12 to 16 hours calling on dealers at your age, start all over agian.  We would like you to maybe set up golf tournament, be an assistant, when my boss come to town introduce him to Royal Motors and so forth."

AO 72
(Rev 8/82)

Report and Recommendation
Ralph K. Tucker v. Manheim Auto Auction
Civil No. 98-1314(JAG)
Page 8

proving that his age was the determinative factor in the discharged, that is, that he would not have been dismissed but for his age. The court's role "is not to second guess the business decisions of an employer, imposing [the Court's] subjective judgments of which person would best fulfill the responsibilities of a certain job". Rossy v. Roche Products, Inc., 880 F.2d 621, 625 (1st Cir. 1989).

Plaintiff has not complied with the burden of establishing that the reasons proffered by defendants were pretextual or had a discriminatory animus. The same executive who initially employed plaintiff, regardless of his age at the time, informed him about his termination. See Le blanc v. Great American Insurance Co., 6 F.3d 836, 841 (1st Cir. 1993). The Court of Appeals for the First Circuit has therein indicated that an inference of non-discrimination exists when the same employer hired and terminated an employee within the protected age group. The same evidence used to show pretext can support a finding of discriminatory animus if it would enable the factfinder reasonably to infer that unlawful discrimination was a determinative factor in the adverse employment decision. Feliciano de la Cruz v. El Conquistador Resort & Country Club, 218 F.3d 1 (1st Cir. 2000); Hidalgo v. Overseas Condado Insurance Agencies, 120 F.3d 328 (1st Cir. 1997).

The Court of Appeals for the First Circuit has repeatedly endorsed the entry of summary judgment in discrimination cases. Serrano Cruz v. DFI Puerto Rico, Inc., 109 F.3d 23 (1st Cir. 1997). This Magistrate opines that plaintiff has not shown the existence of a genuine material fact that would preclude summary judgment be entered in this case. Thus, it is recommended that defendants' motion BE GRANTED.

Having the federal claims dismissed, it is appropriate that pendent state claims be also DISMISSED. Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139 (1966).

IT IS SO RECOMMENDED.

**Report and Recommendation**
**Ralph K. Tucker v. Manheim Auto Auction**
**Civil No. 98-1314(JAG)**
**Page 9**

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. <u>Henley Drilling Co. v. McGee</u>, 36 F.3d 143, 150-151 (1st Cir. 1994); <u>United States v. Valencia</u>, 792 F.2d 4 (1st Cir. 1986).

In San Juan, Puerto Rico, this 13th day of February, 2002.

J. ANTONIO CASTELLANOS
UNITED STATES MAGISTRATE JUDGE